STATE OF VERMONT

ENVIRONMENTAL COURT

Secretary, Vermont Agency of
Natural Resources, Plaintiff,       }
                                    }
v                                   }   Docket No. 226-11-99Vtec
                                    }
Lake Arrowhead Used Cars,           }
Defendant.

Decision and Order on Petition for Contempt

Defendant Lake Arrowhead Used Cars is represented by Daniel S. Triggs; the Secretary of the
Agency of Natural Resources is represented by Catherine Gjessing.

In 1993 Defendant obtained a state subdivision permit for a two-lot subdivision in Milton, and
obtained a state water supply and wastewater disposal permit to construct a building on Lot 1 of
the subdivision. Both permits approve a potable water supply by connection to the municipal
water system. Both permits require certification by an engineer that the connection to the
municipal water system was properly installed, prior to occupancy of the building. Defendant
conducts a used car business in the building on Lot 1. The inventory of used cars for the business
is parked and displayed outdoors on Lot 1. Defendant periodically washes the inventory of used
cars to keep them looking attractive for prospective customers. Washing the used cars uses a
large volume of water which can be expensive if municipal water is used, as charges for
municipally-supplied water and sewage disposal services are billed according to the volume of
water used.

In 1997, Defendant requested an amendment to the state permits to substitute an existing drilled
well as a water supply source. That amendment was denied [ck] because the drilled well was
contaminated by radon, a radioactive contaminant occurring naturally in drilled wells in this
area.

Radon and radionuclide contamination is of concern in water used for drinking and household
uses such as washing and particularly showers, as radon readily escapes to the air when radon-
contaminated water is sprayed into the air. People who are exposed to it over an extended time
period, especially those exposed to breathing in a mist or aerosol, are at an increased risk for
lung cancer. For household use, radon-contaminated water can be treated by filtration through an
activated-carbon filter or by aerating the water in the outside air where the radon can dissipate
and be diluted by the greater volume of air.

In July of 1997, the Agency notified Defendant of the contamination and directed Defendant to
abandon the drilled well and immediately to connect the building to the municipal water supply.
In August of 1998, the Agency sent Defendant a Notice of Alleged Violation for failing to

abandon the radon-contaminated well and failing to connect the building on Lot 1 to the municipal water supply.

Defendant and the Secretary of the Agency of Natural Resources entered into an Assurance of Discontinuance that was entered as a court order on November 17, 1999. The Assurance of Discontinuance required Defendant to complete the construction and connection to the municipal water service line, to submit the written report of a Vermont-certified registered engineer, and to abandon the existing radon-contaminated drilled well pursuant to Vermont Water Supply Rules § 12.3.5. " Abandonment" of a well, as the term is used in the field of water supply regulation and in the Vermont Water Supply Rules, requires filling the well in with cement, not merely ceasing its use. This method is required so that if the well is drilled through several aquifers or water-bearing layers, the cement will seal the fractures within the well and prevent the contaminated water from cross-contaminating other wells in the area drawing from uncontaminated aquifers. Defendant entered into the Assurance of Discontinuance that required it to abandon the drilled well.

Defendant constructed and connected the building to the municipal water line, but constructed it differently from the approved plans. Defendant applied for approval of the amended plans in July 2001, after the first contempt proceedings had been brought in the present case. The water system has not received an amended approval because the amended application is not complete and because the drilled well had not been abandoned.

Defendant is using the municipal water supply for all water supply within the building. Defendant claims that the drilled well is connected to a hose bib separate from the system connected to the municipal water system so that there is no possibility of cross-connection or contamination of the municipal water supply, but the approved plans have not been submitted to verify this fact. Defendant wishes to use the radon-contaminated well solely for washing cars outside, as it is expensive to pay water fees for the amount of water needed for car washing. While the Court appreciates the economics of this position, Defendant has not filed any application or proposal with the Agency of Natural Resources to maintain the drilled well for this purpose only, and has not proposed any treatment system for that water to protect the health of the employees, customers, neighbors or passers-by who might be exposed to the aerosol spray from such car washing. During the pendency of the present litigation, the well is closed and not being used, but it has not been filled in with cement to render it unuseable.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendant is in violation of the Court' s November 19, 1999 order incorporating the Assurance of Discontinuance signed by the parties, by failing to submit and to have approved an amended application to construct a water system and connect to the municipal water supply line, by failing to certify construction in accordance with the approved engineering plans, and by failing to abandon the radon-contaminated drilled well.

1. Within thirty days of the date of this order, Defendant shall submit all the remaining information, prepared by a Vermont-registered engineer, required to complete the amendment application pending at the Regional Office of the Department of Environmental Conservation, Agency of Natural Resources.

2. Within twenty-one days of the date of this order, if Defendant wishes to pursue the concept of installing a treatment system for the radon-contaminated well and using its water solely to wash cars, Defendant shall consult with a Vermont-registered engineer and with the appropriate specialist from the Vermont Agency of Natural Resources and/or Vermont Health department, to determine if such a proposal is feasible in concept.

3. Within forty-five days of the date of this order, Defendant **either**

A) shall abandon the existing radon-contaminated well following the procedures required by Vermont Water Supply Rules § 12.3.5 and shall submit written certification prepared by a qualified consultant verifying that the existing radon-contaminated well was abandoned pursuant to Vermont Water Supply Rules § 12.3.5;

**or**

B) shall file a complete application presenting a proposal for a treatment system for the existing radon-contaminated well sufficient to allow its water to be used solely to wash cars. If such a proposal is approved, within fourteen days thereafter Defendant and Plaintiff shall file an amended Assurance of Discontinuance with the Court.

4. If the application described in paragraphs 3(B) is denied, within fourteen days after receipt of the denial Defendant shall abandon the existing radon-contaminated well as required in subparagraph 3(A) above.

As the present proceedings were filed as a petition for contempt rather than as either an enforcement of a final order under 10 V.S.A. § 8014 or an administrative order under 10 V.S.A. § 8010, the Court is restricted to imposing a coercive (prospective) fine rather than a monetary penalty for past violations or for violation of the Assurance of Discontinuance. Accordingly, Defendant shall pay a penalty of $50 per day for failure to meet the deadline in Paragraph 1, above; shall pay a penalty of $100 per day for failure to meet the deadline in Paragraph 3(A), above; and shall pay a penalty of $100 per day for failure to meet the deadline in Paragraph 4, above.

Done at Barre, Vermont, this 4th day of March, 2002.


_____
Merideth Wright
Environmental Judge